UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

EMMA J. TAYLOR,                                                              Plaintiff,

v.                                     Civil Action No. 3:15-cv-182-DJH

BLUE LICK APARTMENTS *et al.*,                                   Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Emma J. Taylor filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial screening of the complaint, the instant action will be dismissed for the reasons that follow.

I.

Plaintiff filed the complaint on a general complaint form naming as Defendants Blue Lick Apartments, Winterwood Property Management, and Vickie Heitkamper. As the grounds for filing this lawsuit in federal court, Plaintiff quotes 42 U.S.C. § 1983. As her statement of the claim, Plaintiff states that she and her husband rented an apartment at the Blue Lick Apartments in 2011. She states that the apartment was under the management of Winterwood Property Management, and the on-site manager was Heitkamper. She reports that Heitkamper informed them that the apartments were offered pursuant to the Low Income Housing Tax Credit Program. She states, "In are about March 2012 after about 2 months of complaining to the on-site Manager. We filed a Complaint with the Code enforcement Department of Louisville Metro.

Management came and made a small repair that left the floor in even more dangerous Condition."

Plaintiff reports that in April 2012 her daughter and her daughter's two minor children were evicted from their apartment and moved in with Plaintiff. She states that they informed Heitkamper who "was alright with it at first." She states that even though there was a no pet policy, other tenants had pets. Plaintiff reports that her daughter had a pet and that Heitkamper demanded that they pay a pet deposit and they did so.

Plaintiff states that she continued to ask that the floor be fixed but that "management refused to complete the work on the floor." She reports that on August 20, 2012, they received a letter advising that her daughter and grandchildren must vacate the premises within 48 hours "or an eviction would be filed." Plaintiff reports that on August 29, 2012, she received a "notice of violation for our daughter and grandchildren to vacate the property within 14 days to avoid eviction proceedings." Citing Ky. Rev. Stat. § 383.675, she states that they paid rent for September 2012 "which should have stopped any attempts by Management to evict us." She further states that even though the rent was paid and accepted, "Winterwood instituted an eviction action against us on September 19, 2012. The rent was again paid for the month of October, 2012 but the Defendants went into court on October 24, 2012 and was awarded possession in the month that rent was paid." As relief, Plaintiff seeks compensatory and punitive damages.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

Plaintiff's reliance on 42 U.S.C. § 1983 as the grounds for filing this action is misplaced. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or

constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d at 351. Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Even assuming for purposes of this review that Plaintiff has alleged a deprivation of federal statutory or constitutional rights, her § 1983 claim fails because she has not satisfied the second element. It is evident that none of Defendants is a state actor. Moreover, none of Defendants acted under color of law so as to be liable under § 1983. *See Thompson v. Wells Fargo Inc.*, No. 2:08-cv-01227-RCJ-GWF, 2009 U.S. Dist. LEXIS 73247, at *3 (D. Nev. Aug. 18, 2009) (dismissing § 1983 claim against the bank and other private actors for allegedly failing to follow state eviction law). Therefore, Plaintiff's complaint fails to state a claim under § 1983 because Defendants did not act under color of state law as is required by § 1983.

Moreover, to the extent that Plaintiff's claims could be construed under any other statute, her claims challenge the legality of the eviction action against her. This Court lacks jurisdiction to review the state-court eviction proceedings. Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). "The doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted).

4

Plaintiff cannot challenge the outcome of her eviction proceedings in this Court. Therefore, the action will be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date: July 21, 2015

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4415.010

5